*956 RALPH B. GUY, JR., Circuit Judge,
concurring.
I concur in Chief Judge Batchelder’s well-reasoned opinion, but I would address the issue of jury instructions raised by Garlock because I think it provides an additional ground for reversal.
Acknowledging that courts should reconcile arguably inconsistent verdicts if possible, Garlock asserts that the jury’s finding against strict liability for failure to warn of an unreasonably dangerous product is inconsistent with the jury’s determination that it was negligent for “failure to warn.”
In Kentucky, a product is defective for lacking a warning if the product, at the time it is sold, creates “ ‘such a risk’ of an accident of the general nature of the one in question ‘that an ordinarily prudent company engaged in the manufacture’ of such a product “would not have put it on the market.’” Tipton v. Michelin Tire Co., 101 F.3d 1145, 1149 (6th Cir.1996) (quoting Nichols v. Union Underwear Co., 602 S.W.2d 429, 433 (Ky.1980)).
Garlock cites Tipton in support of its argument. Tipton involved a plaintiff who mounted a 16" tire on a mismatched 16." rim. The tire exploded, causing plaintiffs injury. The Tipton jury was instructed on both strict liability and negligence. As in this case, the jury found for defendant under a strict liability theory and for the plaintiff on the negligence case. We considered the specific jury instructions in the case, finding that both “claims in this case depend on the existence of a defective product.” Tipton, 101 F.3d at 1150.[1] Determining that it was inconsistent to find that the product in question was not in a defective condition for purposes of strict liability but was for purposes of negligence, we reversed.[2]
Kentucky’s unpublished, similar asbestos case of Cardinal Industrial Insulation Co. v. Norris, 2009 WL 562614 (Ky.App.2009), also supports Garlock’s argument. In Cardinal Industrial, the court held that
under the circumstances of this and similar cases, we are persuaded that the appellants’ proposed negligent failure to warn instruction was redundant with the strict liability instruction actually given. In considering whether the asbestos was in a defective condition unreasonably dangerous, the jury was obligated to consider as one of the factors in reach *957 ing its determination whether warnings were required and, if so, whether those warnings were properly given.
Id. at *10. See also Lane v. Deere and Co., 2003 WL 1923518 (Ky.App.2003) (unpublished).
Although this case has facts different from those in Tipton, it appears that the opposite answers to the jury questions cannot be reconciled under Kentucky law.
Unlike Kentucky, many states have now adopted legislation or standard jury instructions that combine all of the liability theories into one form of action for products liability.[3] For that reason many of the cases from other jurisdictions which discuss the jury instruction issue found in this case are older cases. They are nonetheless quite uniform in reaching a result consistent with that which we reach here. Sprankle v. Bower Ammonia & Chemical Co., 824 F.2d 409, 413 (5th Cir.1987) is illustrative. The issue in Sprankle was the trial court’s failure to submit a failure to warn issue to the jury under a negligence theory as well as a strict liability theory. In finding no error the court stated:
Although conceptually different,[5] the two theories of liability each present the essential question whether an inadequate warning caused the plaintiff’s injuries. The jury’s finding under the strict liability theory that no failure to warn caused Sprankle’s injuries thus cures any possible error in the district court’s not submitting Sprankle’s negligent failure to warn claim to the jury. Accordingly, for both of the above-stated reasons, we reject Sprankle’s complaints concerning the failure to submit his theory of negligent failure to warn.
*958 Id. at 413-14 (emphasis added) (citations omitted).
In this case, the jury was asked to find for plaintiff on her strict liability claim if it determined that, in pertinent part,
as manufactured and marketed by Defendant, the asbestos-containing product was in a defective condition, unreasonably dangerous for use by persons expected to use it or be exposed to it, without a reasonable notice or warning of the danger.
(Emphasis added.). The jury was also given instructions on plaintiffs negligence claim to “[ijndicate on the Verdict Form at Question 2 whether [it found] for Plaintiff on her claim against Defendant for negligent failure to warn.” (Emphasis added.) In line with the reasoning discussed above, the jury’s affirmative finding on the question of negligence was fatally inconsistent with its contrary finding for Garlock on the strict liability claim.

. In Tipton, the jury received the following interrogatories:
(1) Do you believe from the evidence that the Defendant, Michelin Tire Corporation, manufactured the tire in question, that the tire was in a defective condition unreasonably dangerous to the user, and that the defective condition was a substantial factor in causing the accident and Mr. Tipton's injuries?
(2) Do you believe from the evidence that the Defendant, Michelin Tire Corporation, failed to exercise ordinary care in the design, manufacture, sale or distribution of the tire and that the failure to do so was a substantial factor in causing the injuries to Mr. Tipton?
The jury answered "no” to the first question, and "yes” to the second. Tipton, 101 F.3d at 1147-48.

. We distinguished the case of Byrd v. Proctor & Gamble Mfg. Co., 629 F.Supp. 602 (E.D.Ky.1986) in that decision. As in Tipton, the plaintiff in Byrd (who was harmed by chemicals in a home permanent solution) was successful under a negligence theory, but not on her strict liability claim. The district court did not disturb the verdict on defendant’s motion for judgment notwithstanding the verdict, however, because the verdict questions clearly indicated that a finding of negligence depended on the jury’s assessment of the conduct of the manufacturer, rather than any defect of the product’s design. This is different than the instant case, where both instructions included the "failure to warn” language.

. See, for example, Repola v. Morbark Indus., Inc., 934 F.2d 483 (3d Cir.1991) discussing New Jersey products liability law.

 Courts and commentators alike differ in the extent to which they find conceptual differences in failure to warn cases brought under negligence and strict liability theories. Those who view the two as conceptually distinct emphasize that a warning could satisfy a negligence standard and yet be inadequate for strict liability purposes. As one court described the distinction:
“In a strict liability case we are talking about the condition (dangerousness) of an article which is sold without any warning, while in negligence we are talking about the reasonableness of the manufacturer’s action in selling the article without a warning. The article can have a degree of dangerousness because of a lack of warning which the law of strict liability will not tolerate even though the actions of the seller were entirely reasonable in selling the article without a warning considering what he knew or should have known at the time he sold it.”
Since “strict tort liability shifts the focus from the conduct of the manufacturer to the nature of the product,” this view maintains, liability may result in strict liability where it would not attach under a negligence theory. No court or commentator has suggested the reverse, however. The consensus thus seems to be that while a greater showing (i.e., the additional proof of negligence) may be required of a plaintiff suing under a negligent failure to warn theory than one suing under strict products liability theory, in no event is “less” required. Hence, although a jury finding against a claim of negligent failure to warn may not preclude a finding of strict liability, a jury finding against strict liability for failure to warn necessari *958 ly precludes a finding in favor of the plaintiff on a negligence theory.